IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Holly Chernak, n/k/a Clancy, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 13 C 2538 |
| Professional Recovery Services, Inc., d/b/a Echelon Recovery, Inc., a New Jersey corporation, The Bureaus, Inc., an Illinois corporation, and Bureaus Investment Group Portfolio No. 16, LLC, an Illinois limited liability company, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Holly Chernak, n/k/a Clancy, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Holly Chernak, n/k/a Clancy ("Chernak"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a HSBC credit card.

4. Defendant, Professional Recovery Services, Inc., d/b/a Echelon Recovery, Inc. ("Echelon"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Echelon operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Echelon was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, The Bureaus, Inc. ("Bureaus"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Bureaus operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Bureaus was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant, Bureaus Investment Group Portfolio No. 16, LLC ("BIG 16"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or

attempt to collect, directly or indirectly, delinquent consumer debts. Defendant BIG 16 operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant BIG 16 was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Bureaus and BIG 16 are sister corporations. Defendant BIG 16 is a bad debt buyer that buys up portfolios of defaulted consumer debts for pennies on the dollar, and Defendant Bureaus manages the collections of the debts that BIG 16 buys.

8. Defendants are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all Defendants conduct business in Illinois.

9. Moreover, Defendants are each licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, all Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Chernak fell behind on paying her bills. At some point in time after a debt she allegedly owed for an HSBC account became delinquent, it was allegedly sold to a bad debt buyer – either Bureaus or BIG 16, who then tried to collect upon it by having Echelon send Ms. Chernak an initial form collection letter, dated November 20, 2012. This collection letter twice stated that Echelon's "Client" was "THE BUREAU [sic] INC" and that the debt was owed to it as the "creditor". A copy of Defendants' letter is attached as Exhibit C.

11. In fact, although BIG 16 was likely the "creditor to whom the debt" was then owed, it was nowhere mentioned in Defendants' letter. Rather, it only mentioned Defendant Bureaus, who likely was managing the collection of this account for BIG 16 and had likely placed the debt with Defendant Echelon for collection.

12. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692g(a)(2)
## Failure To Identify Effectively The Current Creditor

14. Plaintiff adopts and realleges ¶¶'s 1-13.

15. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they have to provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

16. Defendants' form collection letter violates § 1692g(2) of the FDCPA because it failed to identify, in any way, that Defendant BIG16 was the creditor to whom the debt was then owed. See, Braatz v. Leading Edge Recovery Solutions, LLC, et al., 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); Walls v. United Collection Bureau, Inc, et al., 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012).

17. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

**COUNT II**
**Violation Of § 1692e Of The FDCPA --**
**Making A False Statement Of The Name Of Creditor**

18. Plaintiff adopts and realleges ¶¶'s 1-13.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

20. Defendants violated § 1692e of the FDCPA by falsely stating, in their collection letter (Exhibit C), that the debt was owed to the "The Bureau [sic]", when, in fact, the debt was owed to BIG 16.

21. Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

22. Plaintiff Chernak brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, which did not correctly identify BIG 16 as the creditor to whom the debt was then owed, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form collection letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

23. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Chernak, in their attempts to collect delinquent consumer debts from other consumers.

24. The Class consists of more than 40 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Chernak.

25. Plaintiff Chernak's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

27. Plaintiff Chernak will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Chernak has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Holly Chernak, n/k/a Clancy, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Chernak as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Chernak and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Holly Chernak, n/k/a Clancy, individually, and on behalf of all others similarly situated, demands trial by jury.

        Holly Chernak, n/k/a Clancy,
        individually, and on behalf of all
        others similarly situated,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: April 4, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com