IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Holly Chernak, n/k/a Clancy, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Professional Recovery Services, Inc., d/b/a Echelon Recovery, Inc., a New Jersey corporation,<br><br>    Defendant. | No. 13 C 2538<br><br>Judge Durkin |

**ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

This cause comes before the Court for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice having been given, and the court being duly advised in the premises:

THE COURT HEREBY FINDS THAT:

1. The parties entered into a Class Action Settlement Agreement ("Settlement Agreement"), dated October 4, 2013.

2. On November 19, 2013, that Settlement Agreement was, pursuant to F.R.C.P. 23, preliminarily approved by this Court and a Class was certified in this matter based upon the parties' stipulations and solely for purpose of settlement.

3. As agreed to by the parties and fully explained in detail in ¶ 9 of the Settlement Agreement but just briefly summarized herein, the Notice of Class Action was mailed by Plaintiff's Counsel, via First Class U.S. Mail, postage pre-paid, to each of

the 718 members of the Class. The result of that mailing was that 10 notices were returned by the United States Postal Service as undeliverable, with a forwarding address, and were re-mailed, while 40 were returned by the United States Postal Service as undeliverable with no further information. The dissemination of Notice, as provided in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed.R.Civ.P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law.

4. No objections were received, no members of the Class sought leave of this Court to intervene, and no members opted-out of this action, while 92 members of the Class returned claim forms.

5. The Complaint in this action alleged that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

6. Defendant denies that it has in any way violated the FDCPA.

7. The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA. Under § 1692k, the maximum statutory damages recoverable by an individual plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendant's net worth or $500,000. Here, 1% of Defendant's net worth is about $13,977.

8. As agreed to by the parties, which is fully set-forth in the Settlement Agreement but just briefly summarized herein, the Settlement Agreement calls for the Defendant to change the form of the collection letter at issue. Moreover, Defendant

has also agreed to pay $1,000 to the Class Representative, Holly Chernak, n/k/a Clancy, and pay $13,977 to the Class to be distributed pro-rata to each of the 92 class members who returned a claim form, with a payment of about $151.92 per each such class member.

9. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

10. As agreed to by the parties and fully explained in detail in ¶7 of the Settlement Agreement but just briefly summarized herein, the $13,977 Class settlement fund shall be distributed, within 45 days of the final approval of the settlement, by Class Counsel, as set forth above, by U.S. Mail to each of the 718 members of the Class who returned a claim form. Any portion of the $13,977 which is unclaimed by the Settlement Class, because the Settlement check is returned as undeliverable or without a forwarding address, or because the check remains uncashed 60 days after distribution, shall be distributed to the Coordinated Advice and Referral Program for Legal Services as a _cy pres_ remedy. As agreed to by the parties and fully explained in detail in ¶ 8 of the Settlement Agreement but just briefly summarized herein, 120 days after final approval, Class Counsel shall provide the Court and Defendant's Counsel with a report regarding the number of checks that were returned or were not cashed and the amount distributed to the _cy pres_ recipients.

11. As agreed to by the parties and fully explained in detail in ¶¶ 8 and 9 of the Settlement Agreement, but briefly summarized herein, Defendant has agreed to pay Class Counsel $40,000 for their attorneys' fees and costs. Class Counsel has submitted a motion detailing that their fees and costs exceed this amount, so this amount is approved as the Court finds it to be fair and reasonable.

12. As agreed to by the parties and fully explained in detail in ¶ 8 of the Settlement Agreement, but just briefly summarized herein, the $1,000 due to the Class Representative, $13,977 due to the Class, and the $40,000 due to Class Counsel for their attorneys' fees and costs, shall be paid by Defendant to Class Counsel within 30 days of the date of this order, which is to be held in trust until the 30-day appeal period has run.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement, dated October 4, 2013, is hereby approved and the parties shall implement to its terms. The summaries of the terms of the Settlement Agreement provided above do not amend, revise, alter, change or otherwise modify in any way the actual terms of the Settlement Agreement.

2. Plaintiff and the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against Professional Recovery Services, Inc., d/b/a Echelon Recovery, Inc., The Bureaus, Inc., and Bureaus Investment Group Portfolio No. 16, LLC, and their past or present parents, affiliates, subsidiaries, successors, predecessors,

assignors and assigns, and their present or former directors, officers, employees, partners, members, principals, agents, insurers and attorneys, ("Released Parties") including any and all claims that were asserted or alleged or which could have been asserted or alleged in this lawsuit; and, the Released Parties shall be barred identically from pursuing any claim for relief under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, or F.R.C.P. Rule 11, against Plaintiff, her Counsel, or any member of the Class arising out of the claims asserted or alleged, or which could have been asserted or alleged, against Defendant in this action.

3. Defendant shall pay $54,977 ($1,000 due to the Class Representative, $13,977 to the Class, and $40,000 due for Class Counsel's attorneys' fees and costs) to Class Counsel's Fiduciary Account within 30 days of the final approval of the this settlement; 120 days after the approval of the settlement, Class Counsel shall provide the Court and Defendant's Counsel with a report regarding the number of checks that were returned or remain uncashed, and shall distribute any remaining funds to the CARPLS as a <u>cy pres</u> remedy.

4. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

5. This action is hereby dismissed without prejudice and without costs; upon filing of the final report as to the distribution of the settlement fund to the Class, as set forth in ¶ 8 herein and completely set-forth in ¶ 8 of the Settlement Agreement, the dismissal will be converted to a dismissal

with prejudice, and the Court shall no longer retain jurisdiction of this matter.

6. This order resolves all claims against all parties in this action.

7. Except as otherwise provided in the Settlement Agreement or herein, the settling parties are to bear their own attorneys' fees and costs.

Judge Thomas M. Durkin,
United States District Court

DATED: February 18, 2014